# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 30, 2019

159860(34)

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

KYLE SCHEUNEMAN and LINDY
SCHEUNEMAN,
        Plaintiffs-Appellees,

v

KENT POWER INC.,
        Defendant-Appellant.
_____/

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

SC: 159860
COA: 344109
Kent CC: 17-009761-NO

On order of the Court, the motion for an order permitting the defendant's application for leave to appeal to be deemed filed *nunc pro tunc* on the date of the electronic transmission to the Court of Appeals is DENIED. Under some circumstances, the Court may "enter an order permitting a document to be deemed filed *nunc pro tunc* on the date of the unsuccessful transmission." Administrative Order 2014-23, 497 Mich cxxviii (2014). But such relief is warranted only where the moving party proves that "the transmission failed because of the failure of the TrueFiling system to process the electronic document or because of the court's computer system's failure to receive the document." *Id.* at cxxix. Here, there was no transmission failure. It is undisputed that the TrueFiling system transmitted the electronic document to the selected court and the selected court's computer system received the document. To the extent that the defendant alleges that transmission to this Court failed because of an apparent default setting in the TrueFiling system, the defendant must also prove that "the transmission failure was not caused, in whole or in part, by the action or inaction of the party." *Id.* Here, the defendant cannot make this showing because the TrueFiling system provided clear notice to the defendant before and after transmission that it had selected the wrong court in which to file its application. Accordingly, the defendant is not entitled to the relief requested.

VIVIANO, J., would accept the application as timely filed.



    I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 30, 2019



b1023

Clerk